IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>[1] JORGE LUIS TABORDA-REALES,<br>[2] SANDY BAEZ<br><br>Defendants. | CRIM. NO.: 20-342 (SCC) |

**OPINION AND ORDER**

Defendants [1] Jorge Luis Taborda-Reales and [2] Sandy Baez have moved the Court to dismiss the indictment against them (Docket No. 36) on the grounds that the United States violated the Fourth Amendment and Federal Rule of Criminal Procedure 5(a) by detaining them for ten days before presenting them to a magistrate judge. For the reasons set forth below, the motion is denied.

I.   FACTUAL BACKGROUND

On October 6, 2020, the United States interdicted a vessel near Isla Saona, Dominican Republic, and brought the defendants on board a U.S. Coast Guard cutter called the Heriberto Hernandez. Docket No. 39, pg. 2. According to the United States, the people onboard the vessel threw packages containing cocaine overboard after the U.S. Coast Guard fired warning shots to compel the vessel to stop. *Id.* That same day, the defendants were moved to another U.S. Coast Guard cutter called the Venturous. Docket No. 39, pg. 3.

Onboard the Venturous, the United States proffers that the defendants were kept in a sheltered area with their feet secured but their hands free. Docket No. 39, pg. 4. They were provided three daily meals and access to medical care and restrooms. *Id.* The defendants, moreover, allegedly told the Venturous's commanding officer that they were being treated well. *Id.* n.4.

Due to a pursuit that took the Venturous several hundred miles south of the Dominican Republic, logistical problems with available personnel in San Juan, Puerto Rico, and delays processing the defendants at the Metropolitan Detention Center-Guaynabo, the defendants were not presented to Magistrate Judge López for their initial appearances until October 16, 2020. Docket No. 39, pgs. 3–6.

Defendant [2] moved the Court to dismiss the indictment against him on the grounds that the delay between his apprehension by the U.S. Coast Guard and his presentment to the magistrate judge violated the Fourth Amendment and Federal Rule of Criminal Procedure 5(a). Docket No. 36, pg. 1. Defendant [1] moved to join that motion, Docket No. 41, and we granted his request. *See* Docket No. 44. We also granted defendants' request to have a hearing regarding the motion. *See* Docket No. 44.

At the hearing, the defendants made clear that they were seeking dismissal of the indictment against them—not suppression of any statements that may have been made

during their detention. Docket No. 58, Hr'g Tr. at 11. They also requested an evidentiary hearing to ascertain whether the U.S. Coast Guard's actions while they were detained at sea were reasonable. Hr'g Tr. at 13–14.

We conclude that an evidentiary hearing is not necessary. The defendants do not have a right to an evidentiary hearing unless they show "that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." *United States v. Ponzo*, 853 F.3d 558, 572 (1st Cir. 2017); *see also United States v. Allen*, 573 F.3d 42, 50 (1st Cir. 2009) ("The test for granting an evidentiary hearing in a criminal case [is] substantive: did the defendant make a sufficient threshold showing that material facts were in dispute or doubt?" (quoting *United States v. Vilches-Navarrete*, 523 F.3d 1, 15 (1st Cir. 2008))). Because they have not shown nor argued that any material facts are in dispute, *see* Hr'g Tr. at 14 (seeking additional information, not disputing the United States' explanation for the delay), we will resolve their motion on their filings and the related hearing.

II.     FOURTH AMENDMENT

The defendants argue that the delay between their apprehension by the U.S. Coast Guard and presentment to the

Case 3:20-cr-00342-SCC   Document 61   Filed 04/20/21   Page 4 of 9

U.S.A v. Taborda-Reales et al.                                                                 Page 4

magistrate judge—ten days, by our count[1]—violated the Fourth Amendment. Docket No. 36, pg. 1. But the Fourth Amendment does not constrain the United States' actions against aliens in international waters. *Vilches-Navarrete*, 523 F.3d at 13 ("As we have said before, 'the Fourth Amendment does not apply to activities of the United States against aliens in international waters.'" (quoting *United States v. Bravo*, 489 F.3d 1, 8 (1st Cir. 2007))); *see also United States v. Verdugo-Urquidez*, 494 U.S. 259, 267 (1990) ("There is . . . no indication that the Fourth Amendment was understood by contemporaries of the Framers to apply to activities of the United States directed against aliens . . . in international waters."). Because the defendants were not residing in the United States, *see Vilches-Navarrete*, 523 F.3d at 13, nor have they alleged "substantial connection" to the United States, *see Verdugo-Urquidez*, 494 U.S. at 271, we conclude that the Fourth Amendment does not constrain the United States' actions against them.

III.    Federal Rule of Criminal Procedure 5(a)

The defendants also argue that the ten-day delay between their apprehension by the U.S. Coast Guard and presentment

---

1. The parties appear to disagree at one point about when the defendants were arrested. *Compare* Docket No. 36, pg. 2 (stating that the co-defendants were arrested on October 6, 2020), *with* Docket No. 39, pgs. 4, 10 n.9 (stating that the co-defendants were "formally arrested "on October 15th). For our analysis we will assume favorably to the defendants that the arrest occurred when they were apprehended by the U.S. Coast Guard on October 6, 2020. Because we ultimately conclude that a ten-day delay is reasonable under the facts and circumstances of this case, we do not need to dwell on the issue of when were the defendants "formally "arrested.

Case 3:20-cr-00342-SCC   Document 61   Filed 04/20/21   Page 5 of 9

U.S.A v. Taborda-Reales et al.                                                                                           Page 5

to the magistrate judge was unreasonable under Federal Rule of Criminal Procedure 5(a). *See* Docket No. 36, pgs. 1–3. Though we make clear that a ten-day delay may not always be reasonable, we find in this case that it is.

Federal Rule of Criminal Procedure 5(a) requires a person making an arrest to "take the defendant without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 5(a). Although the Fourth Amendment has been construed as imposing a forty-eight-hour limit on detentions absent a probable-cause determination, that limit has not been extended to Rule 5(a). *See United States v. Ayala*, 289 F.3d 16, 19 & n.1 (1st Cir. 2002). Under Rule 5(a), we evaluate whether the ten-day delay was reasonable based on the specific facts and circumstances of this case. *See* Fed. R. Crim. P. 5 advisory comm. note to subdiv. (a) ("What constitutes 'unnecessary delay,' i.e., reasonable time within which the prisoner should be brought before a committing magistrate, must be determined in the light of all the facts and circumstances of the case."); *see also Vilches-Navarrete*, 523 F.3d at 15 (evaluating the delay under Rule 5(a) for reasonableness).

In evaluating whether the delay was reasonable, we consider, in particular: (1) the distance between the location of the defendants' apprehension and the port in San Juan, Puerto Rico, (2) the time between the defendants' arrival in San Juan and when they were presented to the magistrate judge, (3) evidence of mistreatment or improper interrogation while the defendants were detained, and (4) the United States'

Case 3:20-cr-00342-SCC   Document 61   Filed 04/20/21   Page 6 of 9

U.S.A v. Taborda-Reales et al.                                                                Page 6

reasons for the delay. *See United States v. Cabezas-Montano*, 949 F.3d 567, 591 (11th Cir. 2020), *cert. denied sub. nom. Palacios-Solis v. United States*, 141 S. Ct. 162 (2020).

First, the United States asserts that it apprehended the defendants about fifty-five nautical miles southwest of Isla Saona, Dominican Republic, or about 200 miles from San Juan. Hr'g Tr. at 17; *see also* Docket No. 39, pg. 2. It also posits that this would normally be a two-day journey. Hr'g Tr. at 17. Second, the defendants were presented to the magistrate judge the day after they arrived in San Juan. Docket No. 39, pgs. 5–6. Third, the defendants appear to have been treated well. For they were given three meals each day, shelter, access to medical care and restrooms, and their hands remained free. Docket No. 39, pg. 4. Though the defendants alleged in their motion that the United States questioned and obtained incriminating statements from them while they were detained, *see* Docket No. 36, pg. 4, at the hearing they argued that they were not the ones who made those statements.[2] Hr'g Tr. at 11. The defendants have not alleged that the questioning was oppressive or otherwise constituted "third-degree"

---

2. Even if the United States questioned the defendants and obtained incriminating statements from them, the defendants have not asked us to suppress any statements nor have they identified which statements they would have suppressed. As the overwhelming majority of U.S. Courts of Appeals have concluded, suppression of statements obtained as a result of the Rule 5(a) violation—not dismissal of the indictment—is the proper remedy for a violation of this rule. *See United States v. Peeples*, 962 F.3d 677, 686–87 & n.28 (2d Cir. 2020) (collecting cases); *see also Corley v. United States*, 556 U.S. 303, 322 (2009) (stating, in passing, that the proper remedy for a Rule 5(a) violation is excluding any statements obtained as a result of that violation).

tactics. *See Cabezas-Montano*, 949 F.3d at 591; *see also United States v. Beltran*, 761 F.2d 1, 8 (1st Cir. 1985) (finding that statements made during the delay between arrest and presentment did not warrant suppression because there was "no lengthy, hostile or coercive interrogation that prejudiced the [defendants]").

Fourth, the United States has provided an explanation for the delay. It proffered that the Venturous was one of the few vessels patrolling in the Caribbean, and it was involved in a lengthy pursuit that took it several hundred miles south the day after the U.S. Coast Guard brought the defendants aboard. Docket No. 36, pg. 3. The Venturous had been scheduled to arrive in San Juan, Puerto Rico, on October 14th, but had to wait until the 15th to drop off the defendants because of a personnel issue in San Juan. *Id.* Besides, because the Metropolitan Detention Center-Guaynabo was inundated with new arrestees and there were COVID-related delays, the defendants were not presented to the magistrate judge until October 16th. Docket No. 39, pgs. 5–6.

In light of the facts and circumstances of this case—in particular, the U.S. Coast Guard's good treatment of the

Case 3:20-cr-00342-SCC   Document 61   Filed 04/20/21   Page 8 of 9

U.S.A v. Taborda-Reales et al.                                                      Page 8

defendants,[3] the delay of only one day between the defendants' arrival in San Juan and their presentment to the magistrate judge, and the fact that the Venturous was one of only a few vessels patrolling in the Caribbean—we conclude that the ten-day delay between the U.S. Coast Guard's apprehension of the defendants and their presentment to the magistrate judge was reasonable. *See Cabezas-Montano*, 949 F.3d at 592 (concluding that defendant failed to carry his burden to show that a 49-day delay between arrest and presentment was unreasonable); *cf. United States v. Mangual-Santiago*, 562 F.3d 411, 532 (1st Cir. 2009) (concluding that a 110-day delay between arrest and presentment did not warrant dismissal of defendant's conviction because he showed no evidence of prejudice caused by the delay).

We emphasize, however, that ten days may not always be reasonable and reiterate that Rule 5(a) requires the United States to present arrested individuals to a magistrate judge as soon as it is reasonably able to do so.

---

3. The defendants alleged in their motion to dismiss and again at the hearing that their detention aboard the Venturous was so stressful that one of the co-defendants tried to commit suicide. Docket No. 36, pg. 2; Hr'g Tr. at 4–5. But from the undisputed account provided by the United States, we see no evidence of any relationship between the U.S. Coast Guard's treatment of the defendants and this alleged suicide attempt. Indeed, the only information proffered is that one of the co-defendants attempted to jump overboard. *See* Docket No. 39, pg. 13. We do not know when or why this happened. He, for example, could have been attempting to flee rather than trying to commit suicide.

Case 3:20-cr-00342-SCC   Document 61   Filed 04/20/21   Page 9 of 9

U.S.A v. Taborda-Reales et al.                                                                 Page 9

In conclusion, defendants' motion to dismiss the indictment against them is DENIED. (Docket No. 36).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of April 2021.

      S/ SILVIA CARREÑO-COLL
      UNITED STATES DISTRICT COURT JUDGE